IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN J. GONZALES,

    Plaintiff,

    v.                                                                        No. CIV 14-0869 RB/LAM

12TH DISTRICT COURT OF N.M./OTERO COUNTY,
12TH JUDICIAL DISTRICT ATTORNEY'S
OFFICE OF N.M. OTERO COUNTY,
NEW MEXICO CORRECTIONS DEPARTMENT,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts that Defendants have caused Plaintiff to be incarcerated beyond the term originally imposed by the state court. Specifically, Plaintiff alleges that the prosecutor and the court twice misdrafted sentencing documents, failing to give credit against Plaintiff's sentence for time already served. Defendant Corrections Department likewise has incorrectly calculated his release date. As a result, he has remained incarcerated after his terms of imprisonment expired. He has been unable to obtain relief from this allegedly illegal custody in both state and federal habeas corpus proceedings. The complaint seeks damages.

The complaint is ambiguous in its naming of Defendants. The caption names a state court, a district attorney's office, and the corrections department. In text, the complaint names two individuals. To the extent Plaintiff seeks relief under 42 U.S.C. § 1983 against the state agencies named in the caption, his claims are precluded by the terms of the statute. "[N]either [the state nor its agencies] "are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69-70 (1997); and citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims against the entity Defendants identified in the caption.

Furthermore, Defendants Judge Counts and Deputy District Attorney Key are immune to Plaintiff's claims in this § 1983 action. First, "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). Plaintiff alleges that Defendant Counts was

acting exclusively in his judicial role, and claims against this Defendant will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  Also, as the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012).  Because Defendant Deputy District Attorney Key took the alleged actions as part of the state's prosecution of a criminal proceeding, the Court will dismiss Plaintiff's claims against this Defendant.

IT IS THEREFORE ORDERED that Plaintiff's complaint for damages is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE