IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN J. GONZALES,

    Plaintiff,

    v.                                                     No. CIV 14-0869 RB/LAM

12TH DISTRICT COURT OF N.M./OTERO COUNTY,
12TH JUDICIAL DISTRICT ATTORNEY'S
OFFICE OF N.M. OTERO COUNTY,
NEW MEXICO CORRECTIONS DEPARTMENT,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Objections for Proposed Disposition & Memorandum Opinion & Order (Doc. 17). In the order that Plaintiff challenges, the Court dismissed Plaintiff's complaint against the named Defendants. In his Objections, Plaintiff asserts that he wishes to sue the State of New Mexico instead of the named Defendants. For relief, he asks the Court to "help me . . . show that I have a strong cause in fighting this illegal sentence." The Court will construe Plaintiff's objections as a motion to reopen the action, *see Burns v. C.I.A.*, No. 93-5153, 1994 WL 36770, at *1 (10th Cir. Feb. 8, 1994) (construing a motion to reopen as a rule 60(b) motion), and will deny the motion.

    As noted in the order dismissing Plaintiff's claims against the Corrections Department, "neither [the state nor its agencies] are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.'" *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69-70 (1997); and citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). Because Plaintiff may not

pursue his damages claims against the State, reopening the case would be futile.

Furthermore, in the motion to reopen, in addition to his original request for damages Plaintiff now asks the Court to "help me . . . fight[] this illegal sentence." Plaintiff may not pursue this relief in his action under 42 U.S.C. § 1983. "[A] prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Here again, reopening Plaintiff's case would be futile, and the Court will deny his motion.

IT IS THEREFORE ORDERED that Plaintiff's Objections for Proposed Disposition & Memorandum Opinion & Order (Doc. 17) is construed as a motion to reopen the action and is DENIED.

_____
UNITED STATES DISTRICT JUDGE